IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CALVIN CULLEN,**

        **Plaintiff,**

  v.            CASE NO. 07-3206-SAC

**K-MART, et al.,**

         **Defendants.**

**O R D E R**

  This matter is before the court on a pro se civil complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Wyandotte County Adult Detention Center in Kansas City, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

  Under the Prison Litigation Reform Act signed into law on April 26, 1996, a prisoner is required to pay the full filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). Where insufficient funds exist for the filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay the initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4).

  Having considered the plaintiff's financial records, the court

finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Having reviewed the complaint, the court finds it is subject to being dismissed because plaintiff's allegations state no claim upon which relief can be granted under § 1983.

"To state a claim under [42 U.S.C.] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the state...or by a person for whom the state is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Id. at 49.

In the present case, plaintiff seeks damages on allegations that two K-Mart loss prevention officers used excessive and unwarranted force to detain plaintiff because they thought he was stealing goods. The defendants named in the complaint are K-Mart and the two K-Mart security staff members. Because this private

corporate entity and its two employees are clearly not persons "acting under color of state law" for the purpose of stating a claim for relief under § 1983, no claim for relief under § 1983 is presented in plaintiff's allegations.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reason cited herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

DATED: This 17th day of September 2007 at Topeka, Kansas.

                                              s/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge