IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CALVIN CULLEN,**

                **Plaintiff,**

     **v.**                                    CASE NO. 07-3206-SAC

**K-MART, et al.,**

                **Defendants.**

### O R D E R

Plaintiff, a prisoner confined in the Wyandotte County Jail in Kansas City, Kansas, proceeds pro se and in forma pauperis under 42 U.S.C. § 1983. Plaintiff seeks damages from K-Mart and two K-Mart security staff members on allegations that the two K-Mart loss prevention officers used excessive and unwarranted force to detain plaintiff because they thought he was stealing goods.

The court reviewed the record and directed plaintiff to show cause why the complaint should not be dismissed because none of the named defendants were persons acting under color of state law for the purpose of stating a claim for relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

In response, plaintiff argues the K-Mart security officers "conducted themselves in a manner compared to the actions of law

enforcement officers," and thus should be liable under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. The court disagrees.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). In the present case, all defendants are private persons or entities, thus their conduct constitutes state action if it is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). *See also* Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied only if the alleged deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and the private party charged with the deprivation is "a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar, 457 U.S. at 937.

In the present case, plaintiff's allegations, including his contention that K-Mart security staff acted like police officers, fail to satisfy this standard for establishing state action. Accordingly, the court concludes the complaint should be dismissed because plaintiff states no claim upon which relief can be granted

under 42 U.S.C. § 1983 against any defendant.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 8th day of January 2008 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge